```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
METAL TRANSPORT & LOGISTICS LTD., BVI,

                          Plaintiff,

            -against-                                    08 Civ. 7361 (LAK)

AGRIKO S.A.S.,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/09
```

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      In the wake of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.,* Nos. 08-3477(L), 08-3758 (XAP) (2d Cir. Oct. 16, 2009), the Court ordered plaintiff to show cause on or before November 17, 2009 why the process of maritime attachment and garnishment ("PMAG") previously issued herein should not be vacated and the action dismissed. The Court vacated the PMAG and dismissed the action upon plaintiff's failure to respond [DI 12].

      It thereafter has come to the Court's attention that plaintiff in fact responded to the order by letter which did not reach the Court by November 17, 2009. Plaintiff argued in substance that the action should not be dismissed pending "further appellate review" of *Jaldhi*. It contended in any case that equitable considerations militated against vacatur.

      Plaintiff's belated arguments with respect to *Jaldhi* nevertheless are singularly unpersuasive. As an initial matter, I am bound by the Circuit's decision in that case regardless of whether I think it correctly or incorrectly decided. The funds in question were held pursuant to the PMAG, which the Court of Appeals now has made clear was wrongly issued, and therefore must be released. *See Panamax Bulk AS v. Dampskibsselskabet Norden AS,* No. 08 Civ. 8601(JSR), 2009 WL 3853422 (S.D.N.Y. Nov. 18, 2009) (deposit in CRIS account made to secure release of attached EFTs released). Next, the Court of Appeals has held that *Jaldhi* applies retrospectively. *Hawknet, Ltd. v. Overseas Shipping Agencies,* No. 09-2128-cv, 2009 WL 3790654 (2d Cir. Nov. 13, 2009). Finally, this Court lacks any discretion to ignore the governing law even if it were persuaded that the equities warranted such action, which it is not.

In consequence, even putting aside the tardiness of the response, plaintiff has failed to show cause why the PMAG previously issued in this case should not be vacated and the action dismissed in light of *Jaldhi*.

SO ORDERED.

Dated:     November 23, 2009

_____
Lewis A. Kaplan
United States District Judge